858 So.2d 611 (2003)
Mario Nery POSADAS
v.
THE POOL DEPOT, INCORPORATED.
No. 2002 CA 1819.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
Writ Denied November 7, 2003.
*612 Reginald J. Laurent, Slidell, for Appellant Defendant The Pool Depot, Incorporated.
Michael J. Bourquard, New Orleans, for Appellee Plaintiff Mario Nery Posadas.
Panel composed of Judges FRANK FOIL, PAGE McCLENDON and WILLIAM F. KLINE, Jr.
FOIL, J.
In this appeal, a Texas vendor appeals from a judgment denying its motion to compel a Louisiana buyer to arbitrate his claim against the vendor in Dallas County, Texas. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On June 27, 2000, Mario Posadas, a St. Tammany Parish resident, signed a contract to purchase a swimming pool from The Pool Depot, a Texas corporation, for $7,500.00. The pool was installed. After talking to others in the swimming pool *613 business, Mr. Posadas was dissatisfied with the installation of the pool and the price he paid for the pool received. He stopped payment on his $6,500.00 check and requested that The Pool Depot return his $1,000.00 deposit and remove the alleged defectively installed pool. The Pool Depot refused and sought to have the parties' dispute resolved by arbitration in accordance with a clause in the June 27th contract.
Mr. Posadas filed suit in the City Court of Slidell for rescission of the contract, based on error, lack of consent, duress, lack of lawful cause, and any other available legal remedy. The Pool Depot answered and asserted the affirmative defense of arbitration. Later, The Pool Depot filed a motion to stay the trial, to compel arbitration, and for attorney fees.
After a hearing, the trial court signed a judgment on April 17, 2002, denying The Pool Depot's motion to compel arbitration. The Pool Depot filed a writ application with this court seeking reversal of the April 17th judgment. This court granted the writ in part, noting the trial court's judgment was a final, appealable judgment, and remanded the matter to the trial court to grant The Pool Depot an appeal. This court also stayed the pending trial. Mario Nery Posadas v. The Pool Depot, Inc., 2002 CW 1071 (La.App. 1 Cir. 6/3/02). The Pool Depot then appealed the April 17th judgment.

THE ARBITRATION CLAUSE
The arbitration clause of the sales contract executed by the parties reads, in pertinent part:
SECTION G) BINDING ARBITRATION AGREEMENT: ANY DISPUTES ARISING IN ANY MANNER RELATING TO THIS AGREEMENT THAT CANNOT BE RESOLVED BY NEGOTIATION BETWEEN THE PARTIES SHALL BE SUBJECT TO MANDATORY, EXCLUSIVE AND BINDING ARBITRATION IN DALLAS COUNTY, TEXAS .... THE PURCHASER AND DEALER (THE POOL DEPOT, INC.) AGREE TO ABIDE BY THE RULING OF THE ARBITRATION ASSOCIATION IN LIEU OF FILING A LAWSUIT.... NOTHING HEREIN SHALL PROHIBIT DEALER FROM INSTITUTING SUIT TO COLLECT ANY MONIES OWED UNDER THIS AGREEMENT. CLAIMS REGARDING THE APPLICABILITY OF THIS ARBITRATION SECTION OR THE VALIDITY OF THE ENTIRE AGREEMENT SHALL BE RESOLVED BY BINDING ARBITRATION. THIS ARBITRATION AGREEMENT IS MADE PURSUANT TO A TRANSACTION INVOLVING INTERSTATE COMMERCE AND SHALL BE GOVERNED BY THE FEDERAL ARBITRATION ACT, 9 U.S.C. 1-16, ("FAA").

DISCUSSION
The Federal Arbitration Act, 9 U.S.C. § 2, is applicable to any arbitration agreement within the coverage of the Act, which includes written agreements to arbitrate if the contract evidences a transaction involving commerce. Specialty Healthcare Management, Inc. v. St. Mary Parish Hospital, 220 F.3d 650, 654 (5th Cir.2000). The FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." (Emphasis added.) Although a state law cannot be used to invalidate an arbitration agreement when the law applies only to arbitration agreements, a state law may be applied to invalidate an arbitration *614 agreement if that law governs issues concerning the validity, revocability, and enforceability of contracts generally. Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 686-687, 116 S.Ct. 1652, 1656, 134 L.Ed.2d 902 (1996); Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 281, 115 S.Ct. 834, 843, 130 L.Ed.2d 753 (1995). Thus, generally applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening the FAA. Doctor's Associates, Inc. v. Casarotto, 517 U.S. at 687, 116 S.Ct. at 1656.
In this case, the trial court determined the arbitration agreement contained in the contract was unenforceable, because the print of the arbitration clause was so small that the court was unsure that any buyer would have noticed it, and the "relative positions" of the buyer and seller made enforcement unreasonable. Essentially, the trial court invalidated the arbitration agreement on grounds of adhesion.
A contract of adhesion is a standard contract, usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. Often in small print, these contracts sometimes raise a question as to whether or not the weaker party actually consented to the terms. Golz v. Children's Bureau of New Orleans, Inc., 326 So.2d 865, 869 (La.1976). The mere fact that a contract contains an arbitration provision does not render it adhesionary. Sutton's Steel & Supply, Inc. v. Bellsouth Mobility, Inc., 00-511 (La.App. 3 Cir. 12/13/00), 776 So.2d 589, 596, writ denied, 01-0152 (La.3/16/01), 787 So.2d 316. Here, however, as in the Sutton's Steel & Supply case, the print of The Pool Depot standard form contract is exceedingly small.[1] Also, as in the Sutton's Steel & Supply case, the substance of the arbitration provision is unduly burdensome in that it binds Mr. Posadas to arbitration, while reserving unto The Pool Depot the option of pursuing other remedies to collect monies owed under the agreement. For these reasons, we see no error in the trial court's determination that the arbitration agreement was adhesionary and unenforceable.[2]

CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment denying The Pool Depot's motion to compel arbitration. Costs of this appeal are assessed to The Pool Depot.
AFFIRMED.
Judge WILLIAM F. KLINE, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.
McCLENDON, J., concurs with reasons.
McCLENDON, J., concurs.
I concur in the result.
*615 This case involves a "consumer transaction" under the Louisiana Unfair Trade Practice and Consumer Protection Law, LSA-R.S. 51:1401, et seq. Under LSA-R.S. 51:1418(C), any writing executed by a consumer in a consumer transaction that requires that he consent to the jurisdiction of another state or fixes venue is invalid. Here, because the contract provides that the venue for arbitration is Texas, the contract is illegal. Furthermore, under LSA-R.S. 51:1418(B), the Louisiana Binding Arbitration Law, LSA-R.S. 9:4201, et seq., does not supercede the Louisiana Unfair Trade Practice and Consumer Protection Law. Therefore, I respectfully concur.
NOTES
[1] In brief, The Pool Depot argues the trial court's determination that the print size of the contract was too small was based on its reading of a "reduced-sized copy" at the hearing on the motion to compel arbitration. The Pool Depot refers this court to another copy of the contract in the record that contains the actual size print of the contract received by Mr. Posadas. The print size of the latter contract is also exceedingly small.
[2] Because we affirm the trial court's determination that the contract was adhesionary, we need not address Mr. Posadas' alternative argument that the contract is unenforceable under the Louisiana Unfair Trade Practice and Consumer Protection Law, La. R.S. 51:4101 et seq.