907 So.2d 80 (2005)
VISHAL HOSPITALITY, LLC, Ravi S. Josi and Poonam R. Josi
v.
CHOICE HOTELS INTERNATIONAL, INC.
No. 2004 CA 0568.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
William David Kiesel, Baton Rouge, Counsel for Plaintiffs/Appellees, Vishal *81 Hospitality, LLC, Ravi S. Josi, Poonam R. Josi.
Justin M. O'Brien, Michael D. Ferachi, Baton Rouge, Counsel for Defendant/Appellant, Choice Hotels International, Inc.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
MCCLENDON, J.
By this appeal, the defendant challenges a judgment enjoining it from enforcing an arbitration clause contained in a franchise agreement. For the following reasons, we affirm.
Between late 1998 and late 2003, Vishal Hospitality, LLC, a Louisiana limited liability company, and its shareholders, Ravi S. Josi and Poonam R. Josi, (hereinafter collectively referred to as "Vishal") built a hotel in Gonzales, Louisiana, and operated it as a Quality Inn franchise. Quality Inn is a trademark owned by Choice Hotels International, Inc., a Delaware corporation with its principal place of business in Maryland. On November 10, 2003, Choice filed a demand for arbitration with the American Arbitration Association, seeking to enforce certain provisions under a franchise agreement it allegedly executed with Vishal on November 30, 1998.
On November 26, 2003, Vishal filed a petition for injunctive relief and declaratory judgment in the Nineteenth Judicial District Court in Baton Rouge, Louisiana, naming as defendants Choice and the American Arbitration Association. Therein, Vishal sought, in part, a preliminary injunction, preventing Choice and the American Arbitration Association from instituting and conducting any arbitration proceedings pursuant to the alleged franchise agreement.
In December of 2003, the trial court heard Vishal's motion for preliminary injunction and granted Vishal a preliminary injunction, enjoining Choice and the American Arbitration Association from conducting any arbitration proceeding pursuant to the alleged franchise agreement between Choice and Vishal. Choice appeals, asserting initially that the trial court erred in applying the law of Louisiana rather than Maryland law as required by the franchise agreement.
Louisiana's codal provisions concerning choice of laws provide, in part, that the parties are free to select the law that will govern contracts "except to the extent that law contravenes the public policy of the state whose law would otherwise be applicable under Article 3537." LSA-C.C. art. 3540. Therefore, in order to determine if Maryland law should be applied, we must first determine whether Louisiana law is applicable under an analysis of article 3537 and, if so, whether Maryland law contravenes the public policy of Louisiana. LSA-C.C. art. 3537 provides that the issue of which state law applies to a conventional obligation "is governed by the law of the state whose policies would be most seriously impaired if its law were not applied to that issue." See LSA-C.C. art. 3515. In making this analysis, we must look to each state's connection to the parties and the transaction, as well as its interests in the conflict, to determine which state would bear the most serious legal, social, economic, and other consequences if its laws were not applied to the issues at hand. LSA-C.C. art. 3537, comment (c).
Clearly, Louisiana is the state of choice under article 3537. The hotel is located in Louisiana; the financing of the hotel was obtained in Louisiana; Vishal is a Louisiana limited liability company; Ravi and Poonam Josl are Louisiana residents; the hotel serves visitors to Louisiana; Choice utilizes its employees who are located in Louisiana to conduct quality control inspections; and Ravi Josi executed the documents *82 in Louisiana. Additionally, Louisiana has a strong public policy in ensuring that arbitration clauses that are adhesionary are not enforced in the state. Therefore, LSA-C.C. art. 3540 precludes the application of Maryland law herein to the extent that the application of Maryland law would reach a different result than that reached by the application of Louisiana law. Choice's assertion that the trial court erred in applying Louisiana law herein lacks merit.
Choice further asserts on appeal that the trial court erred in concluding that the arbitration clause is unenforceable.[1] The arbitration clause of the franchise contract at issue reads, in pertinent part, as follows:
22. Arbitration. Except for our claims against you for indemnification, actions for collection of moneys owed to us under this Agreement, or actions seeking to enjoin you from using the Marks in violation of this Agreement, any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, including any claim that this Agreement or any part of this Agreement is invalid, illegal, or otherwise voidable or void, will be sent to final and binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association.
Louisiana courts have long recognized a strong presumption in favor of arbitration. Moore v. Automotive Protection Corp., 97-0623, p. 2 (La.App. 4 Cir. 5/21/97), 695 So.2d 550, 551. However, recently, in the case of Posadas v. Pool Depot, Inc., 02-1819, p. 4 (La.App. 1 Cir. 6/27/03), 858 So.2d 611, 614, writ denied, 03-2125 (La.11/7/03), 857 So.2d 502, we held that an arbitration provision is adhesionary where it binds the non-drafting party to arbitration, while reserving to the drafter of the document other remedies to collect monies owed under the agreement. See Sutton's Steel & Supply, Inc. v. BellSouth Mobility, Inc., 00-511 (La.App. 3 Cir. 12/13/00), 776 So.2d 589, 596, writ denied, 01-0152 (La.3/16/01), 787 So.2d 316. Herein, Choice reserved for itself the right to litigate various matters, including the collecting of monies owed to it under the franchise agreement, but required Vishal to arbitrate all matters arising under the franchise agreement. For this reason, the arbitration clause is adhesionary.
For the foregoing reasons, we find the trial court did not err in granting a preliminary injunction in favor of Vishal. Therefore, we affirm the judgment of the trial court. Costs are assessed against Choice Hotels International, Inc.
AFFIRMED.
NOTES
[1] The Federal Arbitration Act, 9 U.S.C. § 2 also applies herein; however, state law may be applied to invalidate an arbitration agreement if that law governs issues concerning the validity, revocability, and enforceability of contracts. Thus, generally, applicable contract defenses, such as fraud, duress, or unconscionability, may be applied to invalidate arbitration agreements without contravening the Federal Arbitration Act. Posadas v. Pool Depot, Inc., 02-1819, p. 3 (La.App. 1 Cir. 6/27/03), 858 So.2d 611, 613-614, writ denied, 03-2125 (La.11/7/03), 857 So.2d 502.