939 So.2d 414 (2006)
VISHAL HOSPITALITY, LLC, Ravi S. Josi and Poonam R. Josi
v.
CHOICE HOTELS INTERNATIONAL, INC.
No. 2004 CA 0568R.
Court of Appeal of Louisiana, First Circuit.
June 28, 2006.
Rehearing Denied September 19, 2006.
*415 William David Kiesel, Baton Rouge, Counsel for Plaintiffs/Appellee Vishal Hospitality, LLC, Ravi S. Josi, Poonam R. Josi.
Justin M. O'Brien, Michael D. Ferachi, Baton Rouge, Counsel for Defendant/Appellant Choice Hotels International, Inc.
Before: GUIDRY, GAIDRY, and McCLENDON, JJ.
McCLENDON, J.
This matter comes to us on remand from the Louisiana Supreme Court following its decision in Aguillard v. Auction Management Corp., 04-2804 (La.6/29/05), 908 So.2d 1. Finding that the arbitration clause in this matter is enforceable, we vacate the judgment of the trial court insofar as it grants a preliminary injunction enjoining the demand for arbitration, and we remand for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY
Between late 1998 and late 2003, Vishal Hospitality, LLC, a Louisiana limited liability company, and its shareholders, Ravi S. Josi and Poonam R. Josi, (hereinafter collectively referred to as "Vishal") operated a hotel in Gonzales, Louisiana, as a Quality Inn franchise. Quality Inn is a trademark of Choice Hotels International, Inc., a Delaware corporation with its principal place of business in Maryland. On November 10, 2003, Choice filed a demand for arbitration with the American Arbitration Association (AAA), seeking to enforce certain provisions under a franchise agreement it allegedly executed with Vishal on November 30, 1998.
On November 26, 2003, Vishal filed a petition for injunctive relief and declaratory judgment, naming as defendants Choice and the AAA. Vishal sought to enjoin Choice and the AAA from instituting and conducting any arbitration proceedings pursuant to the alleged franchise agreement. On December 15, 2003, the trial court heard Vishal's petition for preliminary injunction and granted the preliminary injunction. Choice appealed, and this court affirmed the trial court's judgment finding the arbitration clause adhesionary and unenforceable.[1] Thereafter, Choice sought a writ of certiorari or review from the supreme court, which was granted with the following language: "Granted and remanded to Court of Appeal, First Circuit, *416 for reconsideration in light of Aguillard v. Auction Management Corporation, 04-2857 (La.6/29/05), 908 So.2d 1."[2]

DISCUSSION
The supreme court granted writs in Aguillard to resolve a split among the circuits regarding the enforceability of arbitration agreements contained within consumer standard form contracts under a "contract of adhesion" analysis. The court in Aguillard adopted a liberal policy favoring arbitrability. Aguillard, 04-2804 at p. 1, 908 So.2d at 3-4. The court noted at the outset that Louisiana law favors arbitration, see LSA-R.S. 9:4201, which echoes the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq., and United States Supreme Court jurisprudence. Aguillard, 04-2804 at pp. 6-8, 908 So.2d at 7-8. The court further observed that the United States Supreme Court has made it clear that the substantive provisions of the FAA preempt state law and govern all written arbitration agreements in contracts connected to transactions involving or affecting interstate commerce. Aguillard, 04-2804 at p. 8, 908 So.2d at 8. Our supreme court held that the real issue in a contract of adhesion analysis is whether a party truly consented to all the printed terms of the contract. In so holding, the court stated:
[A] contract is one of adhesion when either its form, print, or unequal terms call into question the consent of the non-drafting party and it is demonstrated that the contract is unenforceable, due to lack of consent or error, which vitiates consent. Accordingly, even if a contract is standard in form and printed in small font, if it does not call into question the non-drafting party's consent and if it is not demonstrated that the non-drafting party did not consent or his consent is vitiated by error, the contract is not a contract of adhesion.
Aguillard, 04-2804 at p. 12 (La.6/29/05), 908 So.2d at 10-11.
In Aguillard, the court found that there was not "such a difference in bargaining positions between the parties so as to justify the application of the principle of contract of adhesion to the arbitration clause," and that "the underlying transaction, a real estate auction, does not indicate that it was such a necessary transaction to establish the plaintiff was compelled to enter it." The court continued:
[E]ach party was strictly limited to arbitration for dispute resolution, and if the plaintiff did not agree with the terms of arbitration or the terms in general, he could have either attempted to negotiate the terms of the contract or refused to participate in the auction.
We find the court of appeal erred in declaring the whole contract governing the terms and conditions of the auction adhesionary and lacking in mutuality. The only issue before the court was the enforceability of the arbitration clause as this matter came before the court through the defendants' motion to stay proceedings pending arbitration. The entire contract was not properly before the court, just the arbitration provisions. The merits are reserved for arbitration.
Aguillard, 04-2804 at pp. 20-22, 908 So.2d at 16-17. The court again stated that the parties were free to contract to the terms and that "there was no evidence that the plaintiff was not in an equal bargaining position as the defendants because the plaintiff could have avoided arbitration and *417 the contractual provisions as a whole by simply not signing the agreement." Aguillard, 04-2804 at p. 23, 908 So.2d at 17.
The court concluded:
Accordingly, even when the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration. The weight of this presumption is heavy and arbitration should not be denied unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation that could cover the dispute at issue. Therefore, even if some legitimate doubt could be hypothesized, this Court, in conjunction with the Supreme Court, requires resolution of the doubt in favor of arbitration.
Aguillard, 04-2804 at p. 25, 908 So.2d at 18.
In the instant matter, the parties were free to negotiate the terms of the franchise agreement, and did so. Despite fairly extensive negotiations regarding the terms of the agreement between Vishal and Choice, the terms of the arbitration clause in the agreement were never modified or at issue, and the terms of the arbitration clause never changed throughout the various drafts of the agreement. Further, the arbitration clause was in the same font size as the rest of the agreement and was also in bold face in all copies of the agreement. Therefore, in light of the Aguillard decision, we agree with Choice that the arbitration clause is not adhesionary.
Vishal now contends, however, that the arbitration clause cannot be valid if the franchise agreement itself is invalid. Vishal argues on remand that there still exists a real issue as to consent in the agreement itself and questions whether a franchise agreement ever existed between the parties as more than one agreement was signed or initialed with apparently conflicting terms.
The United States Supreme Court recently addressed this issue in its decision in Buckeye Check Cashing, Inc. v. Cardegna, ___ U.S. ___, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006). The Court in Buckeye set forth three propositions regarding arbitration law that were established in two of its previous decisions. The Court stated:
First, as a matter of substantive federal arbitration law, an arbitration provision is severable from the remainder of the contract. Second, unless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance. Third, this arbitration law applies in state as well as federal courts. The parties have not requested, and we do not undertake, reconsideration of those holdings. Applying them to this case, we conclude that because respondents challenge the Agreement, but not specifically its arbitration provisions, those provisions are enforceable apart from the remainder of the contract. The challenge should therefore be considered by an arbitrator, not a court.
Buckeye, 126 S.Ct. at 1209.[3] The court concluded by reaffirming that "regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." Buckeye, 126 S.Ct. at 1210.
*418 In the case sub judice, it is undisputed that the parties were operating under a franchise agreement, and did so for five years. Vishal even admits in its brief to this court that the parties were operating under some sort of agreement. Clearly, there was a meeting of the minds as to the existence of a franchisee-franchisor relationship. While the exact terms of the agreement may be at issue, its existence is not. Moreover, Vishal is challenging the agreement itself and is not specifically challenging its arbitration provisions. Because the challenge by Vishal is to the contract as a whole, and not specifically to the arbitration clause, the challenge to the contract must be considered by an arbitrator and not by a court. Buckeye, 126 S.Ct. at 1209.[4]

CONCLUSION
For the foregoing reasons, we vacate the judgment of the trial court insofar as it grants a preliminary injunction enjoining the demand for arbitration, and we remand this matter for further proceedings consistent with this opinion. Costs of this appeal are assessed to the plaintiffs, Vishal Hospitality, LLC, Ravi S. Josi and Poonam R. Josi.
VACATED AND REMANDED.
GUIDRY, J., concurs in the result.
NOTES
[1] Vishal Hospitality, LLC v. Choice Hotels International, Inc., 04-0568 (La.App. 1 Cir. 3/24/05), 907 So.2d 80.
[2] Vishal Hospitality, LLC v. Choice Hotels International, Inc., 05-1058 (La. 1/9/06), 918 So.2d 1020.
[3] The earlier decisions noted by the Court are Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967), and Southland Corp. v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984).
[4] As to Vishal's argument that the arbitration agreement can only apply to a valid contract, we note that the Supreme Court in Buckeye stated that the term "contract" cannot be defined so narrowly and that "[t]here can be no doubt that `contract' . . . must include contracts that later prove to be void." Thus, a court may enforce an arbitration agreement in a contract that the arbitrator later finds to be void and unenforceable. Buckeye, 126 S.Ct. at 1210.