STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2022 CA 0840

JESSICA HOPE BROWNE

VERSUS

GORDON MCKERNAN INJURY ATTORNEYS, LLC, ET AL

Judgment Rendered: __JAN 1 1 2023__

* * * * *

CHH
*[handwritten initials]*

On Appeal from the
21st Judicial District Court
In and for the Parish of Livingston
State of Louisiana
Trial Court No. 171591

Honorable Erika Sledge, Judge Presiding

* * * * *

| | |
|---|---|
| David L. Bateman<br>J. Michael McDonald<br>Baton Rouge, LA<br>-and-<br>Ashley A. Traylor<br>Hammond, LA | Attorneys for Plaintiff-Appellant,<br>Jessica Hope Browne |
| Leah C. Cook<br>David J. Shelby II<br>Tom S. Easterly<br>Jill L. Craft<br>Baton Rouge, LA<br>-and-<br>Leslie A. Burns<br>Denham Springs, LA | Attorneys for Defendant-Appellee,<br>Gordon McKernan Injury Attorneys,<br>LLC |

* * * * *

Chutz, J
Concurs

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**HESTER, J.**

In this matter arising out of an employment contract, plaintiff appeals the trial court's judgment granting defendant's motion to compel arbitration and motion for protective order; sustaining defendant's dilatory exception of prematurity; and dismissing plaintiff's petition for declaratory judgment. For the following reasons, we affirm the judgment of the trial court.

## FACTS AND PROCEDURAL HISTORY

In January 2019, Jessica Browne began her employment with Gordon McKernan Injury Attorneys, LLC ("GMIA") as an attorney. Thereafter, the GMIA human resources department sent an email to Ms. Browne directing her to sign and return an employment agreement, and Ms. Browne signed and returned the agreement. In May 2020, GMIA held meetings with its attorneys to discuss changes to their employment agreements, and GMIA's decision to have them sign new employment agreements because of a decline in cases due to the COVID pandemic. On May 29, 2020, Ms. Browne signed the Gordon McKernan Injury Attorneys, LLC Attorney Employment Agreement (the Employment Agreement) with an effective date of June 1, 2020. On April 27, 2021, Ms. Browne's employment with GMIA was terminated.

On September 15, 2021, Ms. Browne filed a Petition for Declaratory Relief pursuant to La. Code Civ. P. art. 1871 seeking a judgment declaring that the Employment Agreement, including the arbitration clause, is void and unenforceable as a matter of law. GMIA responded to the petition by filing GMIA's Dilatory Exception of Prematurity and Alternative Motion to Compel Arbitration and for Stay of Proceedings contending that Browne's claims against GMIA are subject to binding arbitration and are premature. GMIA attached to its exception and motion the Employment Agreement. During the pendency of its motion, GMIA also filed GMIA's Motion to Stay All Proceedings, and Alternatively, for Protective Order

prohibiting the taking of discovery unless and until there has been a determination of arbitrability. GMIA attached to its motion the Association of Professional Arbitrators & Mediators Rules. On April 11, 2022, GMIA's Dilatory Exception of Prematurity and Alternative Motion to Compel Arbitration and for Stay of Proceedings as well as GMIA's Motion to Stay All Proceedings, and Alternatively, for Protective Order came before the trial court. At the beginning of the hearing, GMIA introduced the Employment Agreement containing the arbitration clause as well as an email from Perry Dampf Dispute Solutions confirming that an arbitration claim was filed. After the hearing, the trial court ruled in favor of GMIA, and in its ruling noted "that [it is] not just one issue of the employment contract that is being challenged, in particular the arbitration clause in the employment contract, but rather whether the employment contract itself is a valid contract, [it is] this Court's position that that determination would need to go to arbitration for the arbitrator to determine…the issue of the dispute of the contract in and of itself."

Thereafter, the trial court signed a judgment on May 3, 2022, granting GMIA's motion to compel arbitration and motion for protective order; sustaining GMIA's dilatory exception of prematurity; and dismissing Ms. Browne's petition for declaratory judgment. The judgment ordered Ms. Browne's Petition for Declaratory Relief and any other claims and disputes between the parties referred to mandatory arbitration and ordered that Ms. Browne's Petition for Declaratory Judgment be dismissed. The judgment stated that there were no other claims against the defendant remaining, and the judgment was designated as a final appealable judgment with no just reason for delay. It is from this judgment that Ms. Browne appeals, contending that the trial court erred in finding that Ms. Browne did not specifically challenge the validity of the arbitration clauses of the Employment Agreement she signed.

## LAW AND ANALYSIS

The determination of whether to compel arbitration is a question of law, therefore, appellate courts conduct a *de novo* review. **Courville v. Allied Professionals Ins. Co.**, 2013-0976 (La. App. 1st Cir. 6/5/15), 174 So.3d 659, 663, writ denied, 2015-1309 (La. 10/30/15), 179 So.3d 615.

The defense that a plaintiff is not entitled to judicial relief because of a valid agreement to submit claims to arbitration may be raised by the dilatory exception of prematurity. When the issue of failure to arbitrate is raised by the exception of prematurity, the defendant pleading the exception has the burden of showing the existence of a valid contract to arbitrate, by reason of which the judicial action is premature. **Cook v. AAA Worldwide Travel Agency**, 360 So.2d 839, 841 (La. 1978). An exception of prematurity raises a question of law subject to *de novo* review. **Bridges v. Citimortgage, Inc.**, 2011-1508 (La. App. 1st Cir. 5/24/12), 2012 WL 1922457 at *1 (unpublished), writ denied, 2012-1739 (La. 11/2/12), 99 So.3d 673.

Pursuant to La. R.S. 9:4202, a court shall stay the trial of an action in order for arbitration to proceed if any party applies for such a stay and shows (1) that there is a written arbitration agreement, and (2) the issue is referable to arbitration under that arbitration agreement, as long as the applicant is not in default in proceeding with arbitration. **Coleman v. Jim Walter Homes, Inc.**, 2008-1221 (La. 3/17/09), 6 So.3d 179, 182 (per curiam). There is a strong presumption favoring the enforceability of arbitration clauses, both under Louisiana and federal law. Any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration. See **Aguillard v. Auction Management Corp.**, 2004-2804 (La. 6/29/05), 908 So.2d 1, 25.

In **Buckeye Check Cashing, Inc. v. Cardegna**, 546 U.S. 440, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), the United States Supreme Court held that a challenge to

4

the validity of a contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator. In **Cambas Electric, Inc. v. The McDonnel Group, L.L.C.**, 2016-1774 (La. 10/28/16), 208 So.3d 377, the Louisiana Supreme Court, citing **Buckeye**, granted an exception of prematurity. The one-paragraph opinion states: "Plaintiff's allegations regarding the validity of the arbitration clause are intertwined with its arguments relating to the validity of the entire subcontract. Therefore, the issue is properly presented to arbitrator, not the court." Accord **Vishal Hosp., LLC v. Choice Hotels Int'l, Inc.**, 2004-0568 (La. App. 1 Cir. 6/28/06), 939 So.2d 414, 418, <u>writ denied</u>, 2006-2517 (La. 1/12/07), 948 So.2d 152, wherein, citing **Buckeye**, the court stated "[Plaintiff] is challenging the agreement itself and is not specifically challenging its arbitration provisions. Because the challenge by [plaintiff] is to the contract as a whole, and not specifically to the arbitration clause, the challenge to the contract must be considered by an arbitrator and not by a court."

Conversely, when the challenge is directed to the arbitration clause, the district court generally has the authority, under 9 U.S.C. §4, to decide the issue. **Jasper Contractors, Inc. v. E-Claim.com, LLC**, 2011-0978 (La. App. 1 Cir. 5/4/12), 94 So.3d 123, 132.[1] In this instance, ordinary state law principles of contract interpretation are used to decide whether a valid arbitration agreement exists. **Duhon v. Activelaf, LLC**, 2016-0818 (La. 10/19/16), ___So. 3d ___2016 WL 6123820, *3, <u>cert. denied</u>, ___ U.S.___, 137 S.Ct. 2268, 198 L.Ed.2d 700 (2017).

Ms. Browne does not dispute that she signed and returned the Employment Agreement. Furthermore, she does not appear to dispute that the Employment Agreement provides for arbitration or that the dispute is within the scope of this

---

[1] As the Louisiana Supreme Court recognized, Louisiana Binding Arbitration Law (LBAL), set forth in La. R.S. 9:4201-4217, expresses a strong legislative policy favoring arbitration. See La. R.S. 9:4201. Such favorable treatment echoes the Federal Arbitration Act (FAA), set forth in 9 U.S.C. §§ 1-16. Indeed, the LBAL is virtually identical to the FAA, and determinations regarding the viability and scope of arbitration clauses are the same under either law. See **Duhon v. Activelaf, LLC**, 2016-0818 (La. 10/19/16), ___ So.3d ___, ___, 2016 WL 6123820, at *3, <u>cert. denied</u>, ___ U.S. ___, 137 S.Ct. 2268, 198 L.Ed.2d 700 (2017).

arbitration provision. Rather she contends that the arbitration provision is unenforceable because her consent to the Employment Agreement was vitiated by duress. The Employment Agreement contains the following provision:

13. **Exclusive Dispute Resolution (Binding Mediation and Arbitration):** Except as provided in Section 10.e, GMIA and ATTORNEY agree that any and all other claims, disputes, or controversies by or among GMIA, the ATTORNEY and/or any other employee of GMIA, (except claims for workers' compensation benefits, unemployment benefits and those not subject to arbitration specified below) shall first be submitted to mediation and referred to Perry-Dampf Mediation Services in Baton Rouge, Louisiana pursuant to the then-current rules of the Association of Professional Arbitrators and Mediators, L.L.C. ("APAM")[.][[2]] If mediation fails to resolve the claim, dispute, or controversy, the claim, dispute or controversy shall be resolved by binding arbitration and referred to Perry-Dampf Mediation Services in Baton Rouge, Louisiana pursuant to the APAM rules. If Perry-Dampf Mediation Services are no longer in business, GMIA and ATTORNEY shall mutually agree on an alternate mediation/arbitration dispute firm to handle the dispute resolution.

The arbitrators shall determine the validity and outcome of the claims, disputes, and controversies. GMIA and ATTORNEY will abide by and perform any decision rendered. A judgment may be entered on any arbitration decision in any court having jurisdiction. Any mediation and/or arbitration, and any settlement or award shall be kept confidential by the parties.

**By executing this Agreement, GMIA and ATTORNEY give up either Party's right to litigate in court any and all claims, disputes and controversies between them unless specifically excluded from arbitration herein.**

This Agreement shall survive the termination of the employment relationship between the Parties so that disputes must be mediated and arbitrated even if instituted after the employment relationship has ended.

**Nothing in this Agreement shall be construed as limiting the at-will nature of the employment relationship between the Parties. The ATTORNEY may terminate his/her employment at any time for any reason or for no reason with seven days' notice and GMIA may terminate the ATTORNEY's employment at any time for any reason or no reason with no notice.**

---

[2] GMIA also argued that the APAM rules provided clear and unmistakable language delegating the threshold issue of arbitrability to the arbitrator. The APAM rules were attached to Ms. Browne's motion to stay the proceedings, but were not introduced into evidence during the hearing. In its brief, GMIA acknowledged that APAM is not currently operating. Since the rules were not introduced into evidence and APAM no longer exists, the issue is not properly before us.

This Agreement **does** not apply to claims for Workers' Compensation benefits, claims for unemployment compensation benefits, or any claims that may not legally be arbitrated.

The Employment Agreement provides that, except as provided in Section 10.e involving fee disputes, **any and all other claims, disputes, or controversies** by or among GMIA and the attorney shall be referred to mediation or arbitration. In introducing the signed Employment Agreement into evidence, GMIA proved the existence of a valid arbitration agreement and that the issues raised in Ms. Browne's petition are referable to arbitration under that arbitration agreement. Since GMIA satisfied its burden, the burden then shifted to Ms. Browne to demonstrate that she did not consent to the arbitration terms or consent was vitiated by error, rendering the arbitration provision unenforceable. See **Aguillard**, 908 So.2d 1, 12.

In Ms. Browne's petition, she alleges that at one of the meetings regarding the new employment contracts, Mr. Gordon McKernan, the owner of GMIA, threatened the attorneys with termination from their employment if anyone refused to sign the new employment agreements. She asserts in her petition that she signed the Employment Agreement under the threat of being fired with little hope for finding other employment. She contends that the "[Employment Agreement] was not freely and voluntarily entered into by [her], but was in fact procured through the intentional use of duress and threats by GMIA upon the employees at GMIA...thus consent was 'vitiated' and the [Employment Agreement] is unenforceable." Ms. Browne also alleges that the Employment Agreement is unconscionable, against public policy, and a contract of adhesion. In paragraph thirty-one of her petition, she alleges in "further alternative" that the provisions of the Employment Agreement relating to arbitration do not allow a fair and impartial resolution of disputes for multiple reasons including: the Employment Agreement does not allow both parties to select the arbitrator; does not give any clearly defined rules governing the conduct of the

arbitration; fails to provide for judicially monitored discovery; deprives Ms. Browne of her constitutional and statutory right to trial by jury; and attempts to conceal what would otherwise be a public proceeding. Ms. Browne contends that the allegations in her petition not only specifically allege the invalidity of the arbitration clause individually but also present challenges to the formation of the agreement itself which necessarily includes and impacts the arbitration clause. We disagree.

As earlier noted, a challenge brought to the <u>very existence of the contract</u> containing the arbitration clause must be decided by the court, not by the arbitrator. However, challenges to the <u>validity of the contract</u> as a whole must be considered by the arbitrator, not the court. Furthermore, when plaintiff's allegations regarding the validity of the arbitration agreement are intertwined with its arguments relating to the nullity of the underlying agreement, the issue is properly presented to the arbitrator, not the court. Here, Ms. Browne's allegations that the Employment Agreement was obtained under duress, is unconscionable, against public policy, and a contract of adhesion are challenges to the validity of the Employment Agreement as a whole. Any argument regarding the validity of the arbitration agreement are intertwined with her arguments regarding the nullity of the underlying agreement. Therefore, the issue of the validity of the Employment Agreement is properly presented to the arbitrator, not the court. Furthermore, Ms. Browne's direct allegations in paragraph thirty-one concerning the arbitration agreement presuppose that arbitration applies and are allegations regarding the manner in which the arbitration is to take place not regarding the validity of the arbitration clause or that her consent to the arbitration clause was vitiated. Accordingly, after a *de novo* review of the record, we affirm the trial court's judgment granting GMIA's motion to compel arbitration and motion for protective order; sustaining GMIA's dilatory exception of prematurity; and dismissing Ms. Browne's petition for declaratory judgment.

8

## CONCLUSION

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of the proceeding are assessed to plaintiff-appellant, Ms. Jessica Hope Browne.

**AFFIRMED.**